## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————————

## No. 95-60051
## Summary Calendar

———————————————

## CHIKIOKE OVUIKE,

**Petitioner,**

### versus

## UNITED STATES IMMIGRATION
## AND NATURALIZATION SERVICE,

**Respondent.**

_____

### Petition for Review of an Order of the
### Immigration and Naturalization Service
### (A26-083-107)

_____

(October 12, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Following the decision of the Board of Immigration Appeals to affirm an immigration judge's order of deportation, Chikioke Ovuike petitioned this court to review the Board's decision. Ovuike contends that the Board erred in not finding that his deportation would result in "extreme hardship" to his spouse and in failing to consider his eligibility for waiver of deportation. Finding no error, we dismiss the petition for review.

### BACKGROUND

_____

   *    Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

The Immigration and Naturalization Service (INS) issued an order to show cause (OCS) charging Ovuike, a native-born Nigerian, with deportability from the United States under § 241(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(4)(1970), as an alien convicted of two crimes involving moral turpitude.[1] At his deportation hearing, Ovuike admitted the allegations in the OCS, conceded his deportability, and applied for a readjustment of status and waiver of inadmissibility pursuant to § 212(h) of the Act, 8 U.S.C.A. § 1182(h)(1970). The immigration judge (IJ) denied his request for a § 212(h) wavier because Ovuike had failed to demonstrate that his deportation would result in "extreme hardship" to his U.S. citizen wife and because Ovuike did not warrant the waiver as a matter of discretion.

The Board of Immigration Appeals (Board) dismissed Ovuike's appeal, finding that Ovuike did not warrant a grant of adjustment or a waiver as a matter of discretion. Ovuike petitioned this court to review the Board's decision contending that the Board abused its discretion by finding that he failed to demonstrate that his spouse would suffer "extreme hardship" if he was deported and that the Board erred when it failed to consider his eligibility for a waiver of deportation under § 212(c), 8 U.S.C.A. § 1182(c)(1995).

## DISCUSSION

In relevant part, section 212(h) provides that the Attorney General, may in her discretion, waive a finding of inadmissibility of an alien who is "the spouse, parent, or son or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's exclusion would result in extreme hardship to the United States citizen . . . ." 8 U.S.C.A. § 1182(h)(1995). This court's review of the Board decisions "is limited by the broad discretion accorded the Attorney General and the Board of Immigration Appeals as [her] delegate" and is reviewed for abuse of discretion. *Osuchukwu*

---

1    Under this provision, the Attorney General may deport an alien who "at any time after entry is convicted of two crimes involving moral turpitude . . . regardless of whether confined therefor and regardless of whether the convictions where in a single trial." 8 U.S.C.A. § 1251(a)(4)(1970). The Immigration Act of 1990 (IMMACT) revised and renumbered the deportability grounds for deportation proceedings commenced on or after March 1, 1991. Section 602, IMMACT, Pub. L. No. 101-649, 104 Stat. 4978, 5077-82 (Nov. 29, 1990). Since petitioner's proceedings commenced on August 24, 1989, with the issuance of his OSC, the revised grounds do not apply.

*v. Immigration & Naturalization Serv.*, 744 F.2d 1136, 1137, 1139 (5th Cir. 1984). The Board's scope of discretion under § 212(h) is the same as that applied in a suspension-of-deportation proceeding under § 244(a)(1), 8 U.S.C.A. § 1254(a)(1). *Id.* at 1140. In that context, this court has stated that "the [Board] abuse[s] its discretion only in a case where the hardship is uniquely extreme, at or closely approaching the outer limits of the most severe hardship the alien could suffer and so severe that any reasonable person would necessarily conclude that the hardship is extreme." *Hernandez-Cordero v. United States Immigration & Naturalization Serv.*, 819 F.2d 558, 563 (5th Cir. 1987).

When measured against this standard, the Board did not abuse its discretion in finding that the hardship facing Ovuike's spouse was not extreme. Ovuike presented evidence of his wife's physical disability. However, the evidence also showed that Mrs. Ovuike relied upon her family members to care for her during Ovuike's ten month incarceration for an earlier crime and her testimony suggests that she would again rely upon her family if he was not available. Additionally, although Ovuike and his wife testified that he assists her, she is able to care for herself while Ovuike attends school and works between five and fourteen hours a day. Ovuike's deportation will likely be an inconvenience, but he has not shown that the Board's decision was an abuse of discretion.

Ovuike also disputes what he perceives is the finding by the IJ and the Board that the evidence of his wife's total disability was not credible and that the IJ and the Board failed to consider evidence of his rehabilitation, his school attendance, and his employment. This court will not substitute its "judgment for that of the [Board] or the IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations," *Chun v. Immigration and Naturalization Serv.*, 40 F.3d 76, 78 (5th Cir. 1994), and "we are not permitted to review the Board's opinion for the sufficiency of record support or even for clear error." *Osuchukwu*, 744 F.2d at 1142. Based on the facts, the Board did not abuse its discretion in making a no extreme hardship determination.

3

Lastly, Ovuike argues that the Board erred when it failed to consider his eligibility for a waiver of deportation under § 212(c), 8 U.S.C.A. § 1182(c). He contends that he became eligible for a § 212 waiver while his appeal was pending before the Board.

Ovuike raises this issue for the first time on appeal. This court's review is limited to the administrative record. 8 U.S.C.A. § 1105(a)(4) & (c); *Hernandez v. Immigration and Naturalization Serv.*, 539 F.2d 384, 385-86 (5th Cir. 1976). Consequently, this court may not consider this issue.

## CONCLUSION

For the foregoing reasons, the petition for review is **DISMISSED**.